FILED
U.S. DISTRICT COURT
DIV.
2011 DEC 12 AM 9: 14
CLERK C. Robinson
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TYRONE E. BROWN,

   Plaintiff,

v.              CIVIL ACTION NO.: CV211-174

PETER WROBEL, M.D. and
Nurse FRAZIER,

   Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Tyrone E. Brown ("Plaintiff"), an inmate currently incarcerated at Camden County Jail in Woodbine, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action pursuant to § 1983 must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915 and 1915A. Under the PLRA:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions which were dismissed and count as strikes under § 1915(g): (1) Brown v. Gregory, et al., CV211-115 (S.D. Ga. Nov. 23, 2011) (dismissed for failure to state a claim upon which relief may be granted); (2) Brown v. Royal, et al., CV511-017 (S.D. Ga. Apr. 25, 2011) (dismissed for failure to state a claim upon which relief may be granted); and (3) Brown v. Ware County Jail Administration, et al., CV510-102 (S.D. Ga. Mar. 30, 2011) (dismissed for failure to state a claim upon which relief may be granted).

The Court of Appeals for the Eleventh Circuit upheld the constitutionality of § 1915(g) in Rivera concluding that § 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, nor does it violate the doctrine of separation of powers. Rivera, 144 F.3d at 721–27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he is in "imminent danger of serious physical injury."

In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

Plaintiff alleges that Defendants, Dr. Wrobel and Nurse Fraizer, have denied him medical treatment. Plaintiff also alleges that Defendant Fraizer has denied him medication which other medical personnel have prescribed for him. Plaintiff asserts that

Defendants have violated his Eighth Amendment rights as a result of their actions and omissions. Plaintiff seeks an injunction ordering Defendants to stop refusing him medical treatment. Plaintiff also seeks compensatory and punitive damages as well as his costs associated with this lawsuit.

Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint on October 24, 2011, or at any other time. Accordingly, the Court **VACATES** its October 25, 2011, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 12th day of December, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)